UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                              )
PARALLAX VOLATILITY ADVISORS, L.P.,  )
a California Limited Partnership,              )
                              Plaintiff,       )
                                              )
 v.                                           )        CIVIL ACTION NO. 26-10483-MJJ
                                              )
JONATHAN WEEDON AND LAVENDER         )
TRADING SOLUTIONS,                            )
                              Defendants.      )
                                              )
```

### ANSWER BY DEFENDANTS JONATHAN WEEDON AND LAVENDER TRADING SOLUTIONS

The defendants, Jonathan Weedon and Lavender Trading Solutions, ("Weedon," "LTS" or the "Defendants"), hereby respond to the Complaint by plaintiff, Parallax Volatility Advisors, L.P. ("Parallax" or the "Plaintiff"), in accordance with its numbered paragraphs, as follows:

### INTRODUCTION

1.      Without knowledge.  (As used herein, the phrase "without knowledge" shall mean that Defendants are without sufficient knowledge or information necessary to form a belief as to the truth of the allegation, and the Defendants therefore deny same.)

2.      No answer required.  (As used herein, the phrase "no answer required" shall mean that the paragraph contains self-serving commentary and/or conclusions of law and/or prayers for relief, and not averments of fact directed at the Defendants as to which an admission or denial is required.)

3.      No answer required.

4.      Denied.

5.      No answer required. To the extent that an answer is required to this paragraph, Weedon denies having violated any such duties or contractual obligations and he expressly denies having ever engaged in any unlawful competition with Parallax.

6.      No answer required.

## THE PARTIES

7.      Without knowledge.

8.      The first two sentences herein are admitted. The third sentence is denied.

9.      The first sentence herein is admitted, the second is denied.

10.     No answer required.

## JURISDICTION AND VENUE

11.     No answer required.

12.     No answer required.

13.     No answer required.

## FACTS

### Parallax's Trade Secrets

14.     Without knowledge.

15.     As to what, if anything, of a. through g. constitutes a "trade secret," there is no answer required. As to the remainder herein, the Defendants are without knowledge, including especially Parallax's self-ascribed definition of its "Trade Secrets" as being comprised of "a wealth of trade secret information."

16.     Without knowledge.

17.     Without knowledge.

18.     Without knowledge.

19.    Without knowledge. Further, to the extent this paragraph is purporting to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of "confidentiality and non-disclosure agreements with employees, contractors, vendors, suppliers, and business partners" over an alleged 30 year period, inconsistent with the terms contained in them.

20.    Admitted to the extent that Weedon had access to and used various of Parallax's information technology systems and maintained and safeguarded same while performing his job duties and services.

## Parallax's Confidential Information

21.    Without knowledge.

22.    Without knowledge.

23.    Without knowledge.

24.    Without knowledge. Further, to the extent this paragraph is purporting to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of vague, unidentified third-party contracts inconsistent with the terms contained in them.

25.    Without knowledge. Further, to the extent this paragraph is purporting to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of "confidentiality and non-disclosure agreements with employees and contractors" inconsistent with the terms contained in them.

26.     Admitted to the extent that Weedon had access to certain trade secret and confidential information.

<strong>Weedon's Contractual Obligations to Parallax</strong>

27.     Admitted to the extent that Weedon had access to certain trade secret and confidential information. Weedon is without knowledge as to the remainder herein because the terms "Trade Secret" and "Confidential Information" are too broadly defined.

28.     As this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the Employee Proprietary Information Agreement, the Proprietary Information Protection Agreement, and Employee Handbook inconsistent with the terms contained in them.

29.     Admitted to the extent that Weedon reaffirmed his obligations to Parallax under the PIPA. As the remainder purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the PIPA or Exhibit 4 inconsistent with the terms contained in them.

30.     As this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the PIPA or Exhibit 5 inconsistent with the terms contained in them.

31.     As this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of Exhibits 1 through 5 inconsistent with the terms contained in them.

32.     As this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the Employee Proprietary Information Agreement, the Proprietary Information Protection Agreement, and Employee Handbook inconsistent with the terms contained in them.

**The Scheme to Steal Parallax's
Trade Secrets and Confidential Information**

33.     Without knowledge.

34.     Without knowledge.

35.     Without knowledge.

36.     Without knowledge.

37.     Admitted.

38.     Without knowledge.

39.     Admitted to the extent that on November 18, 2024, Weedon's employment with Parallax. The remainder is denied as it is inaccurate, incomplete and taken out of context.

40.     Without knowledge.

41.     Without knowledge. Further answering, Weedon denies having ever used Parallax's proprietary code.

42.     Without knowledge. Further answering, Weedon denies having ever used Parallax's proprietary code.

43.     Without knowledge. Further answering, Weedon denies having stolen Parallax's proprietary code.

44.     Without knowledge. Further answering, Weedon denies having ever used Parallax's proprietary systems and source code.

45. Without knowledge.

46. Without knowledge.

47. Admitted that the website was registered and launched on or about that date. As the remainder of this paragraph purports to characterize Web Copy or a Call to Action, the Defendants refer this Court to the website itself and not to the Plaintiff's characterization of it. The Defendants expressly deny any characterizations by Parallax of the website inconsistent with the text contained therein.

48. Without knowledge.

49. Without knowledge. Further answering, Weedon denies having ever used Parallax's proprietary code.

50. Without knowledge.

51. Without knowledge. Further answering, Weedon denies having used Parallax's source code and software.

52. Without knowledge.

53. Without knowledge.

54. Admitted that Weedon's wife's name is Cleopatra Contreras. As to the remainder herein, Weedon is without knowledge.

55. Without knowledge. Further answering, Weedon denies having misappropriated Parallax's source code.

56. Without knowledge.

57. Without knowledge.

58. Denied.

59. Admitted except as stated in the EPIA and PIPA.

60.    Denied that Weedon transferred unauthorized source code outside of Parallax's environment.

61.    Denied.

62.    It is denied that Weedon engaged in the conduct alleged by Parallax, and so it is denied that Parallax has suffered any harm.

### FIRST CAUSE OF ACTION
**Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.**
**(All Defendants)**

63.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-62.

64.    No answer required.

65.    Without knowledge.

66.    Without knowledge.

67.    No answer required.

68.    Denied.

69.    It is denied that Weedon engaged in the conduct alleged by Parallax, including the misappropriation referenced herein, and so it is denied that Parallax has suffered any harm or that the Defendants have been unjustly enriched.

70.    Denied.

71.    Denied.

72.    No answer required.

73.    No answer required.

74.    No answer required.

75.    No answer required.

## SECOND CAUSE OF ACTION
### Misappropriation of Trade Secrets in Violation of the Massachusetts Uniform Trade Secrets Act, Mass. Gen. L. c. 93 § 42
### (All Defendants)

76.     The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-75.

77.     As to the first sentence herein, there is no answer required. The remainder of this paragraph is without knowledge.

78.     The first sentence herein is denied. As to the remainder of this paragraph, there is no answer required.

79.     It is denied that Weedon engaged in the actions alleged by Parallax, and so it is denied that Parallax has suffered any damage. As to the remainder of this paragraph, there is no answer required.

80.     Denied.

81.     Denied.

82.     No answer required.

83.     No answer required.

84.     No answer required.

85.     No answer required.

## THIRD CAUSE OF ACTION
### Breach of Contract
### (Defendant Weedon)

86.     The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-85. As the remainder of this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the

Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the EPIA and PIPA inconsistent with the terms contained in them.

87.    As this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the EPIA and PIPA inconsistent with the terms contained in them.

88.    As this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the EPIA and PIPA inconsistent with the terms contained in them.

89.    No answer required. Further, as this paragraph purports to characterize the terms of documents, the Defendants refer this Court to the documents themselves and not to the Plaintiff's characterization of them. The Defendants expressly deny any characterizations by Parallax of the EPIA and PIPA inconsistent with the terms contained in them.

90.    No answer required.

## FOURTH CAUSE OF ACTION
### Tortious Interference With Contract
#### (Defendant Lavender)

91.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-90.

92.    No answer required.

93.    Denied.

94.    No answer required.

95.    It is denied that Lavender engaged in the misconduct alleged, and so it is denied that Parallax has suffered any damage.

9

96.    No answer required.

## FIFTH CAUSE OF ACTION
## Breach of Duty of Loyalty
### (Defendant Weedon)

97.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-96.

98.    No answer required.

99.    No answer required.

100.    No answer required.

101.    No answer required.

102.    It is denied that Weedon engaged in any actions that were willful and malicious as alleged herein, and so it is denied that Parallax is entitled to an award of punitive damages.

103.    No answer required.

## SIXTH CAUSE OF ACTION
## Aiding and Abetting Breach of Duty of Loyalty
### (Defendant Lavender)

104.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-103.

105.    No answer required.

106.    It is denied that Weedon engaged in the conduct alleged, and so the remainder of this paragraph is denied.

107.    No answer required.

108.    Denied.

109.    It is denied that Lavender assisted in any of the conduct alleged, and so it is denied that Parallax has suffered any resulting harm.

10

110.    It is denied that Weedon committed the breaches alleged, and so the remainder of this paragraph is denied. There is, otherwise, no answer required.

111.    It is denied that Lavender engaged in any conduct that was willful and malicious as alleged herein, and so it is denied that Parallax is entitled to an award of punitive damages.

112.    No answer required.

## SEVENTH CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Defendant Weedon)

113.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-112.

114.    No answer required.

115.    No answer required.

116.    No answer required.

117.    No answer required.

118.    It is denied that Weedon engaged in any actions that were willful and malicious as alleged herein, and so it is denied that Parallax is entitled to an award of punitive damages.

119.    No answer required.

## EIGHTH CAUSE OF ACTION
### Aiding and Abetting Breach of Fiduciary Duty
### (Defendant Lavender)

120.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-119.

121.    No answer required.

122.    It is denied that Weedon engaged in the conduct alleged, and so the remainder of this paragraph is denied.

123.    No answer required.

124.    Denied.

125.    No answer required.

126.    It is denied that Lavender assisted in any of the conduct alleged, and so it is denied that Parallax has suffered any resulting harm.

127.    It is denied that Weedon committed the breaches alleged, and so the remainder of this paragraph is denied. There is, otherwise, no answer required.

128.    It is denied that Lavender engaged in any conduct that was willful and malicious as alleged herein, and so it is denied that Parallax is entitled to an award of punitive damages.

129.    No answer required.

## NINTH CAUSE OF ACTION
### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.
### (Defendant Weedon)

130.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-129.

131.    No answer required.

132.    The first sentence herein is denied. The remainder of this paragraph is admitted except for the confidential, trade secret and proprietary information belonging to Weedon identified in Exhibit A to the EPIA. Further answering, Weedon denies having transferred confidential information as alleged.

133.    It is denied that Weedon committed fraud as alleged, and so the remainder of this paragraph is denied. There is, otherwise, no answer required.

134.    No answer required.

135.    No answer required.

136.    No answer required.

## REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

137.    The Defendants hereby reallege and incorporate by reference the responses contained in paragraphs 1-136.

138.    No answer required.

139.    No answer required.

140.    No answer required.

141.    No answer required.

142.    No answer required.

143.    No answer required.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred by the doctrine of laches.

### Third Affirmative Defense

The Plaintiff's claims under 18 U.S.C. § 1836 fail because nothing was stolen or misappropriated and, regardless, the Defendants do not possess anything that was ever a trade secret belonging to Plaintiff.

### Fourth Affirmative Defense

The Plaintiff's claims must be dismissed for lack of subject matter jurisdiction since this Court does not have supplemental jurisdiction under 28 U.S.C. § 1367(a).

### Fifth Affirmative Defense

The Plaintiff's claims under 18 U.S.C. § 1836 fail because the Plaintiff expressly or impliedly authorized defendant Weedon to reclaim information that contractually belonged to him.

13

Sixth Affirmative Defense

The Plaintiff's claims under 18 U.S.C. § 1030 fail because there was never any intent to defraud Plaintiff, nor did the Plaintiff sustain data loss or suffer the requisite jurisdictional damage.

Seventh Affirmative Defense

The Plaintiff's claims under 18 U.S.C. § 1030 fail because the Plaintiff consented, or impliedly authorized defendant Weedon to reclaim information that contractually belonged to him. Any access by defendant Weedon was due to a genuine misunderstanding of authority.

Eighth Affirmative Defense

The Plaintiff's claims under 18 U.S.C. § 1030 fail because defendant Weedon did not exceed his authorized access for an improper reason.

Ninth Affirmative Defense

The Plaintiff's claims for aiding and abetting fail because there was no underlying breach or self-dealing.

Tenth Affirmative Defense

The Plaintiff's claims for misappropriation fail because the Defendants have not acquired, used or disclosed any of Plaintiff's proprietary information or trade secrets.

Eleventh Affirmative Defense

The Plaintiff's claims must be dismissed because the alleged conduct by Weedon was justified under the EPIA.

Twelfth Affirmative Defense

The Plaintiff's allegations and causes of action are based on contracts applying California law and California definitions to trade secrets, and a *mandatory* forum selection clause contained in the EPIA that vests *exclusive* jurisdiction and venue in the Superior Court of San Francisco

14

County and the Federal District Court for the Northern District of California. As such, the Plaintiff's Complaint must be dismissed for improper venue and/or forum non conveniens.

<u>Nineteenth Affirmative Defense</u>

The Defendants reserve their right to assert other applicable affirmative defenses as may become available or apparent during discovery proceedings.  The Defendants further reserve their right to amend their answer and/or affirmative defenses accordingly and/or delete affirmative defenses that they determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, the defendants, Jonathan Weedon and Lavender Trading Solutions, respectfully request that this Court enter judgment or dismissal in their favor and award them costs of suit and reasonable attorney's fees for having to defend this Complaint.

## JURY DEMAND

THE DEFENDANTS HEREBY CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

**JONATHAN WEEDON AND
LAVENDER TRADING SOLUTIONS,**

By their attorneys,

Dated:  May 26, 2026

*/s/ Douglas B. Otto*
Douglas B. Otto (BBO#555269)
DARROWEVERETT LLP
50 Congress Street, Suite 1040
Boston, MA 02109
dotto@darroweverett.com
(617) 443-4500

15

## <u>CERTIFICATE OF SERVICE</u>

I, Douglas B. Otto, do hereby certify that on this 26th day of May, 2026, a copy of the foregoing Answer has been filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class first class mail, postage prepaid, to those indicated as non-registered NEF participants.

*/s/ Douglas B. Otto*
Douglas B. Otto